IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAYA TURNER<br>5210 Akron Street<br>Philadelphia, PA 19124<br><br>       Plaintiff,<br>  v.<br><br>NIFTY FIFTY'S FISHTOWN, LLC<br>d/b/a NIFTY FIFTY'S<br>2431 Aramingo Avenue,<br>Philadelphia, PA 19125<br><br>       and<br><br>NIFTY FIFTY'S HOLDINGS, LLC<br>2431 Aramingo Avenue,<br>Philadelphia, PA 19125<br><br>       Defendants. | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Alaya Turner (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Nifty Fifty's Fishtown, LLC d/b/a Nifty Fifty's and Nifty Fifty's Holdings, LLC (*hereinafter* referred to as "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII – 42 U.S.C. §§ 2000d *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend her complaint to include mirroring claims under the PHRA and PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

**JURISDICTION AND VENUE**

2. This action is also being initiated pursuant to federal laws (Section 1981 and Title VII) and therefore, the United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Venue is further appropriate in this District as Defendants employed Plaintiff at Defendants' above-captioned address.

6. Plaintiff is proceeding herein under the Title VII and has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and by filing the instant lawsuit within ninety (90) days of receiving a right to sue letter from the EEOC.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendants operate various locations as restaurants presenting an old-fashioned style of fast food service.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is an African American female.

13. Defendants hired Plaintiff on or about February 7, 2025 as a full-time Server out of Defendants' 2431 Aramingo Avenue location (commonly referred to as the "Fishtown" location).

14. At all relevant times, Plaintiff was supervised by General Manager, Nicole Sponburgh ("Sponburgh" – Caucasian).

15. Defendants' management is predominantly made up of Caucasian individuals.

16. On or about March 9, 2025, Sponburgh contacted Plaintiff and provided her first week's schedule, advising she would begin her employment on Tuesday, March 11, 2025 and would subsequently work on March 12, March 13, and March 15.

17. On March 11, 2025, Plaintiff started her employment with Defendants.

18. During the course of her employment with Defendants, Plaintiff was a hard-working employee who performed her job well, evidenced by the fact that she was not subjected to any documented performance-based corrective action whatsoever.

19. As part of her training, Plaintiff was assigned to shadow and train with another server named Siobhan Corkery ("Corkery" – Caucasian).

20. From the outset of her employment, Corkery displayed animosity and hostility towards Plaintiff, something she did not do towards Defendants' other Caucasian employees, and treated Plaintiff in a demeaning and aggressive manner.

21. For instance, but not intended to be an exhaustive list, Corkery spoke to Plaintiff with a demeaning tone, constantly yelled and cursed at her, and referred to Plaintiff as being "shit" and/or "shitty."

22. After two days of constant harassment from Corkery, Plaintiff complained to her about the treatment she was being subjected to and referenced how she was being treated differently when compared to other Caucasian employees.

23. In response, Corkery said "if you are feeling froggy, then leap," insinuating that she was not denying the conclusion of treating Plaintiff differently because of her race, and that if Plaintiff had umbrage with Corkery's discriminatory conduct, to just deal with it.

24. Corkery was not the only Caucasian employee that treated Plaintiff differently because of her race, as other Caucasian employees spoke to her in harsh tone and actively avoided assisting her in her training while offering help to other new Caucasian employees.

25. Moreover, while Caucasian employees were allowed to cook and eat breakfast before starting their shift in the morning, Plaintiff was not.

26. On March 13, 2025, and after two days of harassment from Corkery, Plaintiff emailed Defendants' Director of Human Resources ("HR"), Kelly Martin ("Martin" – Caucasian), and complained about the discrimination she was being subjected to, expressed concerns how "she didn't look like the majority" of the staff, directly referencing her race, and

4

requested a transfer to "any culturally diverse Nifty Fifty in the area," knowing that Defendants operated multiple restaurant locations.

27. In response, Martin stated she would check the availability at the other locations.

28. After complaining of race discrimination to Martin, Plaintiff also complained to Sponburgh that she "felt racial discrimination" from Corkery and some of the other Caucasian employees that were treating her discriminately.

29. Rather than address her legitimate complaints of racial discrimination in any meaningful way, Sponburgh quickly dismissed them and told Plaintiff that she never heard of any issues or allegations regarding race discrimination at Defendants or with Corkery.

30. In fact, Defendants and Corkery have a documented history of complaints of race discrimination from former employees. *See Abel Maru v. Nifty Fifty's Fishtown, LLC, et al.,* Case No.: 2:25-cv-02717 in the United States District Court for the Eastern District of Pennsylvania.

31. After completing her shift on March 13, 2025, and only a few hours after complaining to Martin and Sponburgh about race discrimination and requesting a transfer, Sponburgh sent Plaintiff a text message at approximately 6:27 p.m. abruptly terminating her employment.

32. In the message, Sponburgh specifically said, "I wanted to reach out to inform you that training doesn't seem to be working out and isn't meeting our standards, we have made the decision to discontinue training and let you go."

33. Defendants' alleged rationale for terminating Plaintiff is clearly pretextual considering there was no indication prior to termination that Plaintiff was not performing her job

5

adequately or that she was not meeting Defendant's standards during training, and that she was only abruptly terminated within hours of complaining of race discrimination.

34. Plaintiff believes and therefore avers that her race or color was a motivating/determinative factor in Defendants' decision to terminate her employment and/or because she complained of race discrimination.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Race/Color Discrimination; and [2] Retaliation)

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. During Plaintiff's employment with Defendants, she was subjected to discrimination through disparate treatment and demeaning and/derogatory treatment because of her race.

37. Plaintiff was abruptly terminated under false and pretextual circumstances on or about March 13, 2025.

38. Plaintiff believes and therefore avers that her race or color was a motivating/determinative factor in Defendants' decision to terminate her employment.

39. Plaintiff avers that she was terminated because she engaged in protected activity under Title VII, specifically complaining about race discrimination.

40. These actions constitute discrimination and retaliation under Title VII.

## COUNT II
### Violations of 42 U.S.C. Section 1981
### ([1] Race Discrimination; and [2] Retaliation)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. During Plaintiff's employment with Defendants, she was subjected to

discrimination through disparate treatment and demeaning and/or derogatory treatment because of her race.

43. Plaintiff was abruptly terminated under false and pretextual circumstances on or about March 13, 2025.

44. Plaintiff avers that she was terminated because she engaged in protected activity under Section 1981, specifically complaining about race discrimination.

45. Plaintiff believes and therefore avers that she was terminated from her employment with Defendants because of her race and/or her complaints of race discrimination.

46. These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enters an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

           Respectfully submitted,

           **KARPF, KARPF, & CERUTTI, P.C.**

           _/s/ Ari R. Karpf_
           Ari R. Karpf, Esq. (91538)
           8 Interplex Drive, Suite 210
           Feasterville-Trevose, PA 19053
           (215) 639-0801
           Akarpf@karpf-law.com

Date: October 29, 2025

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Alaya Turner | : | CIVIL ACTION |
| v. | : | |
| Nifty Fifty's Fishtown, LLC d/b/a Nifty Fifty's, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| | | |
|---|---|---|
| 10/29/2025 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                       Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?          Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same        Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                            Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TURNER, ALAYA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
NIFTY FIFTY'S FISHTOWN, LLC D/B/A NIFTY FIFTY'S, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/29/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE